IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | | |
|---|---|---|---|
| In re: | § | | |
| | § | | |
| URBAN OAKS BUILDERS LLC,[1] | § | Case No. 18-34892 | |
| | § | | |
| Debtor. | § | Chapter 11 | |

**FIRST INTERIM FEE APPLICATION COVER SHEET**

| | | |
|---|---|---|
| Name of Applicant: | Okin Adams LLP | |
| Applicant's professional role in case: | Debtor's Counsel | |
| Interim or Final Application: | Interim | |
| Date order of appointment signed: | October 15, 2018 [Doc. No. 90] | |
| | Beginning of Period | End of Period |
| Time period covered by this Application: | August 31, 2018 | December 31, 2018 |
| Time period covered by prior Applications: | N/A | N/A |
| Total amounts awarded in all prior Applications: | N/A | |
| Total fees requested in this Application: | $289,797.00 | |
| Total professional fees requested in this Application and in all prior Applications: | $288,055.50 | |
| Total actual professional hours covered by this Application: | 771.50 | |
| Average hourly rate for professionals: | $405.00 | |
| Total paraprofessional fees requested in this Application: | $1,741.50 | |

---

[1] The Debtor in this chapter 11 case and the last four digits of the Debtor's federal tax identification number are: Urban Oaks Builders LLC (8662).

| | |
|---|---|
| Total actual paraprofessional hours covered by this Application: | 12.90 |
| Average hourly rate for paraprofessionals: | $135.00 |
| Reimbursable expenses sought in this Application: | $4,790.23 |
| Application Costs: | $0.00 |
| Total to be Paid to Priority Unsecured Creditors: | TBD |
| Anticipated % Dividend to Priority Unsecured Creditors: | 100% |
| Total to be Paid to General Unsecured Creditors: | TBD |
| Anticipated % Dividend to General Unsecured Creditors: | 100% |
| Date of Confirmation Hearing | N/A |
| Indicate whether plan has been confirmed | NO |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| URBAN OAKS BUILDERS LLC, | § | Case No. 18-34892 |
| | § | |
| Debtor. | § | Chapter 11 |

**FIRST INTERIM FEE APPLICATION OF
OKIN ADAMS LLP, COUNSEL FOR THE DEBTOR,
FOR THE PERIOD AUGUST 31, 2018 THROUGH DECEMBER 31, 2018**

**THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION NAD HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE TO GRANT THE RELIEF REQUESTED IN THE APPLICATION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Okin Adams LLP ("Okin Adams" or "Applicant"), counsel for Urban Oaks Builders LLC (the "Debtor") in the above-referenced case, in accordance with this Court's Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Doc. No. 89] (the "Interim Compensation Order"), files this First Interim Fee Application for the period August 31, 2018 through December 31, 2018 (the "Application") and respectfully states the following in support thereof:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This Application is made pursuant to sections 330 and 331 of the Bankruptcy Code.

## II. BACKGROUND

### A. The Debtor's Chapter 11 Case

3. On August 31, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

4. Pursuant to Bankruptcy Code sections 1107(a) and 1108, the Debtor is operating its business and managing its property as a debtor in possession.

5. The Debtor is a general contracting and construction management company formed in 2011. It is in the business of providing general contracting and construction management services for large and medium-sized multifamily residential construction projects across the United States. The Debtor provides services primarily for entities affiliated with Hines Interests Limited Partnership ("Hines"). Founded in 1957, Hines is a real estate development and investment company that operates throughout Texas, the United States, and across the globe.

6. The Debtor's principal office is located in Houston, Texas, and most of its employees and officers are likewise located in Texas.

7. The Debtor is currently the general contractor for three large multifamily projects, located in Denver, San Antonio, and Houston. Each project is based on a guaranteed maximum price contract, with contract values of approximately $67 million, $52 million, and $112 million, respectively.

8. Although the Debtor operated profitably from 2011 to 2017, beginning in 2017, it began to incur substantial expenses and costs in connection with the claims brought by Southstar Capital Group I, LLC ("Southstar") regarding alleged construction defects at a multifamily apartment project for which the Debtor was the general contractor in Celebration, Florida (the "Celebration Apartments"). Several of the Debtor's insurance carriers have refused to cover, defend and indemnify the Debtor against Southstar's claims. As a result of the insurance carriers' failure to comply with their contractual obligations, the Debtor has filed a declaratory judgment action against them which is currently pending in the Middle District of Florida. To finance these litigation expenses and ensure the Debtor's continued operations, the Debtor's managing member, POC Holdings 2, Inc. (the "Prepetition Secured Lender"), made several loan advances to the Debtor.

9. While the Debtor continues to earn sufficient cash-flow from its active construction projects to pay its ordinary debts and obligations as they come due, the Debtor lacks sufficient cash reserves to continue to finance the ongoing litigation over construction defects at the Celebration Apartments without further advances from the Prepetition Secured Lender. In addition to the prepetition loans, the Debtor also has obligations to its vendors, employees, Hines, and other parties, including the asserted unliquidated and disputed claims of Southstar and its affiliates. In order to allow the Debtor to provide continued uninterrupted service on its projects, ensure that its vendors and employees are paid without interruption, continue to fully

defend itself on the claims asserted by Southstar, and to pursue its rights under its various commercial general liability insurance policies, the Debtor chose to file this chapter 11 bankruptcy case. The Debtor believes that the breathing spell provided by the chapter 11 filing will allow it an opportunity to manage its defense costs and pursue its insurance coverage while continuing its operations without interruption.[2]

**B.     Employment of Okin Adams**

10.     Prepetition, the Debtor engaged Okin Adams as general bankruptcy counsel. On September 20, 2018, the Debtor filed its application to retain Okin Adams [Doc. No. 51]. On October 15, 2018, the Court issued its *Order Authorizing the Employment and Retention of Okin Adams LLP As Bankruptcy Counsel to the Debtor* [Doc. No. 90], a copy of which is attached hereto as **Exhibit A**.

11.     The professional services for which Okin Adams requests compensation and allowance in this Application were performed between August 31, 2018 and December 31, 2018. No agreement or understanding exists between Okin Adams and any other person with respect to the sharing of compensation sought herein, except that the compensation approved by the Court will be shared among Okin Adams' partners, associates, and personnel as authorized under the Bankruptcy Code.

### III.     FIRST INTERIM FEE APPLICATION

12.     **Prior Compensation**. Okin Adams has not previously filed a chapter 11 fee application for compensation in this case.

13.     **Scope of Fee Application**. Okin Adams makes this Application pursuant to section 331 of the Bankruptcy Code for approval of compensation for professional services

---

[2] For further explanation of the Southstar litigation and the Debtor's claims against its insurance carriers, please refer to the Declaration of Todd Hagood in Support of Chapter 11 Petition and First Day Pleadings [Doc. No. 2].

rendered and for reimbursement of out-of-pocket expenses actually and necessarily incurred by Okin Adams in the representation of the Debtor during the period of August 31, 2018 through December 31, 2018 (the "Application Period").

14. **Compensation sought**. During the Application Period, Okin Adams expended an aggregate total of 784.40 hours for professional services rendered on behalf of the Debtor. As such, Okin Adams seeks compensation for the following during the Application Period:

| | | |
|---|---|---|
| Fees: | $ | 289,797.00 |
| Expenses: | $ | 4,790.23 |
| Application Costs: | $ | 0.00 |
| **TOTAL:** | **$** | **294,587.23** |

An accounting of the date such services were rendered and the time expended, together with a description of the services rendered by person and by date is attached as **Exhibit B** to this Application and is incorporated herein by reference. **Exhibit B** also contains a breakdown of the hourly rates charged by Applicant's personnel, setting forth the number of hours expended by individual attorneys in connection with representation of the Debtor during the Application Period.

15. **Expenses**. During the Application Period, Okin Adams incurred reimbursable expenses in connection with its representation of the Debtor in the amount of $4,790.23. All of these expenditures represent necessary and reasonable costs incident to the performance of Okin Adams' services to the Debtor. The reimbursable expenses also are summarized in the attached **Exhibit B**. The expenses requested in the Application conform to the guidelines as found in S.D. Tex. L. B. R. 2016-1.

16. **Total Compensation Sought**. Okin Adams seeks a total interim award of

$294,587.23 in fees and expenses for services rendered on behalf of the Debtor during the Application Period.

17. Okin Adams' standard rates are consistent with fees charged by Okin Adams' peers in similar cases. Further, all professional services for which an allowance is requested were reasonable and necessary for services rendered on behalf of the Debtor in this case. The rates charged by Okin Adams for services rendered by its attorneys are the same as the rates charged on similar matters, without considering the size and degree of responsibility, difficulty, complexity, and results achieved.

18. **Summary of Services**. During the Application Period, Okin Adams performed work primarily in ten different areas: case administration; asset analysis and recovery; relief from stay/adequate protection; meetings of and communications with creditors; fee/employment applications; assumption/rejection of leases and contracts; other contested matters; business operations; financing/cash collateral; and plan and disclosure statement. The specific charges in each of these categories are shown on **Exhibit B**. The professional hours and rates per task for those categories in the Application Period are summarized below:

19. **B110 – Case Administration**. The work performed in this category involved various administrative and miscellaneous tasks performed on behalf of the Debtor. This includes drafting and engaging in conversations with the client regarding first day motions, discussing case strategy, receipt and review of notices of court filings, coordinating with the Debtor's noticing agent regarding service of pleadings, and drafting a bar date motion, mediation motion, and witness and exhibit lists. Okin Adams billed 187.00 hours to this task code with a blended rate of $368.50 for a total amount billed of $68,909.00.

20. **B120 – Asset Analysis and Recovery**. This category primarily consisted of legal

research and analysis regarding the Debtor's potential claims for turnover of property of the estate pursuant to section 542 of the Bankruptcy Code.  Okin Adams billed 7.60 hours to this task code with a blended rate of $275.00 for a total amount billed of $2,090.00.

21. **B140 – Relief from Stay/Adequate Protection**.  The work performed in this category relates to the discussion of a franchise tax offset issue with the Debtor's representatives.  Okin Adams billed 0.3 hours to this task code with a blended rate of $575.00 for a total amount billed of $172.50.

22. **B150 – Meetings of and Communications with Creditors**.  The work performed in this category includes various correspondence with creditors and their counsel to discuss how the case may affect each creditor's claim, and the impact of the critical vendor/trust fund order with respect to the Debtor's ongoing projects.  Okin Adams billed 5.90 hours to this task code with a blended rate of $419.07 for a total amount billed of $2,472.50.

23. **B160 – Fee/Employment Applications**.  This category involved work performed by Okin Adams with regard to preparing and prosecuting the Debtor's applications to retain Okin Adams as attorneys, Baker Botts LLP as special counsel, Boyle & Leonard, P.A. as special counsel, Carlton Fields Jorden Burt as special counsel, and Stout Risius Ross, LLC as financial advisor in this matter, including preparation of the motions, verifications in support thereof and proposed orders granting same.  Also included in this category is the preparation of the Debtor's monthly fee statements to the Debtor and Fee Parties.  Okin Adams billed 58.60 hours to this task code with a blended rate of $329.33 for a total amount billed of $19,298.50.

24. **B185 – Assumption/Rejection of Leases and Contracts**.  The work performed in this category involves analysis of the Debtor's general contracting agreements, legal research and preparation of a motion to assume executory contracts, correspondence with project owners

regarding assumption issues, and prosecution of the assumption motion. Okin Adams billed 33.60 hours to this task code with a blended rate of $373.21 for a total amount billed of $12,540.00.

25. **B190 – Other Contested Matters**. This category involved extensive work performed by Okin Adams with regard to the Southstar litigation and related insurance coverage litigation, including working with Debtor's professionals and opposing counsel regarding mediation and settlement offers, analysis and response to Southstar's motion to dismiss, drafting various discovery requests, responses and confidentiality agreements, and preparation for depositions. Okin Adams billed 268.40 hours to this task code with a blended rate of $399.62 for a total amount billed of $107,257.50.

26. **B210 – Business Operations**. The work performed in this category includes correspondence with the Debtor regarding operational issues during bankruptcy, drafting and prosecuting an employee retention plan, and other miscellaneous business issues. Okin Adams billed 33.30 hours to this task code with a blended rate of $422.90 for a total amount billed of $14,082.50.

27. **B230 – Cash Collateral/Financing**. This category relates to the preparation of a motion to use cash collateral and DIP financing and order granting same and all work performed in an effort to obtain entry of a final cash collateral order. As such, this category of work includes review of budgets, discussions with the Debtor and the United States Trustee's office regarding the cash collateral agreement, preparation of the interim cash collateral motion and circulation to interested parties, revisions to the motion based on comments from the lender's counsel and client, and preparation for and attendance at the hearings on cash collateral and DIP loan. Okin Adams billed 24.20 hours to this task code with a blended rate of $461.67 for a total

amount billed of $11,172.50.

28.     **B320 – Plan and Disclosure Statement**.  This category involves preliminary planning and the beginning of the drafting the Debtor's Plan, Disclosure Statement, Insurance Trust Agreement and related documents and pleadings.  In addition, it includes time spent drafting and prosecuting a motion to extend exclusivity.  Okin Adams billed 165.50 hours to this task code with a blended rate of $313.00 for a total amount billed of $51,802.00.

29.     No agreement or understanding exists between Okin Adams and any other person with respect to the sharing of compensation sought herein, except that the compensation approved by the Court will be shared among Okin Adams' partners, associates and personnel as authorized under the Bankruptcy Code.

### IV.     *JOHNSON* FACTORS

30.     Bankruptcy courts have relied upon various factors to consider in awarding compensation in a bankruptcy case.  *See, e.g., Johnson v. Georgia Highway Express, Inc.*, 874 F.2d 714 (5th Cir. 1974).  Okin Adams' fees and expenses, as requested in this Application, are reasonable based on the following considerations, as outlined in *American Benefit Life Insurance Co. v. Braddock (In re First Colonial Corp. of America)*, 544 F.2d 1291 (5th Cir. 1977).

31.     **Time and Labor Required**.  The time spent in assisting, representing, and advising the Debtor in all matters concerning the chapter 11 case covering the Application Period totals 784.40 hours.  The number of hours spent in this case was reasonable given the size and complexity of the case.  The detail of the specific time entries described in **Exhibit B** reflects the reasonableness of the compensation requested, as all of the services identified were necessary to an adequate and effective representation of the Debtor in this case.

32. **Novelty and Difficulty of Work**.  This case has required counsel to utilize its bankruptcy, financial, and litigation expertise to assist the Debtor in the administration of this case.

33. **Experience, Reputation, and Ability of Attorneys**.  Okin Adams is reputable, possesses adequate ability to perform the tasks outlined in this Application, has worked on numerous bankruptcies similar in size to this case and has represented both chapter 11 debtors and creditors' committees in bankruptcy cases of this size, as well.  The attorneys who provided the bulk of the services in this case during the Application Period reflected herein possess specialized skills in bankruptcy, business law and litigation to merit the award of the requested fees.

34. **Skill Required**.  Representation of the Debtor in this chapter 11 case has required a specialized degree of skill and experience.  Okin Adams believes it has demonstrated the skills required to help the Debtor realize the maximum benefit for its creditors.

35. **Preclusion of Other Employment**.  Because of the time commitment involved in this case and deadlines imposed upon Okin Adams, Okin Adams' ability to take on other substantial engagements was limited to some degree.

36. **Customary Fees**.  Okin Adams' professional services on behalf of the Debtor were necessary and directly contributed to the effective administration of this chapter 11 case.  All fees charged for Okin Adams' professionals were reasonable and are in line with the rates charged on similar matters, without considering size, degree of responsibility, difficulty, complexity, and results achieved.

37. **Whether the Fees are Fixed or Contingent**.  The fees requested in this Application were calculated at normal hourly rates charged by Okin Adams and are in line with

those charged for similar work in this jurisdiction.

38. **Time Limitations and Other Factors**. The Debtor's case has been negotiated outside of the courtroom, but at times has required expedited action in certain instances throughout the Application Period. Okin Adams performed its services on an expedited basis when needed and was successful in meeting the various deadlines imposed by the Bankruptcy Code and the Court.

39. **Undesirability of the Case**. This factor has no applicability in this case.

40. **Results Obtained**. Okin Adams is working diligently with the Debtor in an effort to enable the Debtor to successfully reorganize and resolve certain ongoing litigation.

41. **Nature, Length and Professional Relationship with Client**. Okin Adams has no previous relationship with the Debtor. Okin Adams has previously represented debtors, trustees and committees of unsecured creditors in chapter 11 and chapter 7 matters.

42. **Fees Awarded in Similar Cases**. As more fully described above, Okin Adams submits that its services to the Debtor fully warrant the fees requested herein under the twelve factors identified by the Fifth Circuit and as are awarded in similar complex cases in the Southern District of Texas.

## V.  PAYMENT REQUEST

43. Okin Adams requests that this Court allow these fees on an interim basis and approve compensation by the estate in the amount of $289,797.00 for professional fees and $4,790.23 for reimbursable expenses, for a total of $294,587.23 in fees and expenses during the Application Period. Pursuant to the Court's Interim Compensation Order [Doc. No. 89], Okin Adams has been paid 80% of the requested fees, and 100% of the requested expenses by the Debtor. By this Fee Application, Okin Adams respectfully requests that the Court authorize Okin

Adams to draw down the remaining retainer amount of $53,128.00 (the "Retainer") and direct the Debtor, or its successor in interest, to pay from available cash the remaining outstanding fees $4,831.30 after the Retainer is applied.

## VI.     CONCLUSION

Based on the foregoing, Okin Adams LLP requests that this Court allow and authorize on an interim basis the legal fees and reimbursable expenses incurred by Okin Adams for the Application Period in the amounts of $289,797.00 (fees), $4,790.23 (expenses).  Therefore, Okin Adams seeks interim allowance at this time of $294,587.23.  Okin Adams further requests that this Court grant it any other legal or equitable relief to which it may be entitled.

Respectfully submitted on the 20th day of February, 2019.

**OKIN ADAMS LLP**

By:      /s/ *Matthew S. Okin*
Matthew S. Okin
Texas Bar No. 00784695
mokin@okinadams.com
David L. Curry, Jr.
Texas Bar No. 24065107
dcurry@okinadams.com
Ryan A. O'Connor
Texas Bar No. 24098190
roconnor@okinadams.com
1113 Vine St., Suite 240
Houston, Texas 77002
Tel: 713.228.4100
Fax: 888.865.2118

**ATTORNEYS FOR THE DEBTOR**